[Cite as *State v. Jackson*, 2026-Ohio-3138.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-57 |
| Appellee | : | |
| | : | Trial Court Case No. 2025CR0089 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| DARRYEON M. JACKSON | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on August 14, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately send a copy of the court's ruling to each party and note that action on the docket. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Christopher B. Epley*

_____
CHRISTOPHER B. EPLEY, JUDGE

TUCKER, J., and HUFFMAN, J., concur.

ROBERT ALAN BRENNER, Attorney for Appellant
MEGAN A. HAMMOND, Attorney for Appellee

EPLEY, J.

{¶ 1} Darryeon Jackson appeals from his conviction for trespass in a habitation when a person is present or likely to be present, a felony of the fourth degree, following a jury trial in the Greene County Common Pleas Court. Jackson asserts that his conviction was based on insufficient evidence and was against the manifest weight of the evidence. Specifically, he argues that there was no evidence that the victim was likely to be present when he entered her apartment and that he did not enter the victim's apartment using force, stealth, or deception. For the following reasons, the trial court's judgment is affirmed.

**I. Facts and Procedural History**

{¶ 2} On February 21, 2025, Jackson was indicted on one count of trespass in a habitation when a person is present or likely to be present, a felony of the fourth degree. A jury trial began on September 8, 2025.

{¶ 3} On February 17, 2025, Fairborn police officers were dispatched on two separate occasions to an apartment complex at 319 West Dayton-Yellow Springs Road. The first call was made at approximately 1:00 a.m. in response to a dispute between two neighbors, the victim and Jackson. When Fairborn police officers arrived on the scene, they took a report, but no arrests were made.

{¶ 4} The second call to police was made by the victim and occurred at approximately 2:45 a.m. This call was initially designated as another neighbor dispute but was later reclassified as a burglary. The victim reported that someone had been in her apartment

2

without her consent because items had been removed from her closet. Although some of the items had been left at the front door of the apartment, the victim reported that her jewelry box and several other items had been stolen. When officers arrived, they went to the victim's apartment and knocked on the door. While they were attempting to contact the victim, Jackson came out of his apartment, which was on the same floor. The officers asked Jackson if he had been in the victim's apartment, and he stated that he had not. Jackson was then asked by the police to stay in his apartment until they were ready to speak with him. However, while officers were trying to speak with the victim, Jackson continued to come out into the hallway, yelling, "prove it" to the officers. Jackson continued to argue with the officers, ignoring their instructions to go back into his apartment.

{¶ 5} Although Jackson eventually complied, he was taken into custody for obstructing official business. Jackson was placed in an officer's cruiser; the victim continued to speak to the officers, at which point the resident in the apartment directly across from the victim's came out to speak to the police, as well. The neighbor showed the police video footage he had taken on his cell phone, showing someone who appeared to be Jackson going in and out of the victim's apartment.

{¶ 6} After seeing the video footage, officers spoke to Jackson again. Ultimately, Jackson admitted that he had opened the door to the victim's apartment and went inside to "see if [she] was still there" and expressed that he was angry because she "keeps f*cking with him." Although Jackson had initially been detained for obstructing official business, he was arrested for only the charge of trespass in a habitation. Jackson was then transferred to the Greene County Jail.

{¶ 7} Jackson testified on his own behalf during the trial, asserting that the victim had previously requested to have a conversation with him, but he declined. According to

3

Jackson, he later decided to have the conversation with the victim, and when he went to her apartment, the door was cracked open. He knocked on the door, which made it open more. He called into the apartment, but the victim did not respond. Jackson stated that he then stepped inside the victim's apartment to see if she was there and left when he realized she was not home.

{¶ 8} On September 9, 2025, the jury found Jackson guilty of trespass in a habitation when a person is present or likely to be present. On October 22, 2025, the trial court sentenced Jackson to a term of five years of community control sanctions, including a 180-day jail sentence with credit for 54 days of time served. Jackson now appeals the trial court's judgment, raising one assignment of error.

## II. Sufficiency and Manifest Weight of the Evidence

{¶ 9} In his assignment of error, Jackson asserts that the evidence against him was insufficient and that his conviction was against the manifest weight of the evidence.

{¶ 10} When reviewing the sufficiency of the evidence, "the relevant inquiry is whether the evidence presented, if believed, was sufficient to support the conviction." *State v. Anderson*, 2024-Ohio-2003, ¶ 13 (2d Dist.), citing *State v. Jones*, 2021-Ohio-3311, ¶ 16. The question is whether any rational finder of fact, viewing the evidence in a light most favorable to the State, could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Dennis*, 79 Ohio St.3d 421, 430 (1997). A guilty verdict will not be disturbed on appeal unless "reasonable minds could not reach the conclusion reached by the trier-of-fact." *Id*.

{¶ 11} Conversely, "a weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." *Anderson* at ¶ 14, citing *State v. Wilson*, 2009-Ohio-525, ¶ 12

4

(2d Dist.). "When evaluating whether a conviction is against the manifest weight of the evidence, the appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Id.*, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). "The fact that the evidence is subject to different interpretations does not render a conviction against the manifest weight of the evidence." *Id.*, citing *Wilson* at ¶ 14. "A judgment of conviction should be reversed as being against the manifest weight of the evidence 'only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.).

{¶ 12} Jackson was convicted of one count of trespass in a habitation when a person is present or likely to be present in violation of R.C. 2911.12(B), which states: "No person, by force, stealth, or deception, shall trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."

{¶ 13} Jackson first argues that there was insufficient evidence that the victim was present or likely to be present when he entered her apartment. We have held that the term "likely" indicates something beyond mere possibility; it indicates "something less than a probability or reasonable certainty." *State v. Frock*, 2006-Ohio-1254, ¶ 20 (2d Dist.). "A person is likely to be present when a consideration of all the circumstances would seem to justify a logical expectation that a person could be present." *Id.*, quoting *State v. Green*, 18 Ohio App.3d 69, 72 (10th Dist. 1984). A defendant's subjective belief as to whether

5

someone is likely to be present is irrelevant. *Id.* Rather, the relevant inquiry is whether it was objectively likely that someone would be present in the home at the time of the trespass. *Id.*

{¶ 14} The evidence at trial established that the trespass into the victim's apartment occurred between 1:00 a.m. and 2:45 a.m., which are times when most people are at home asleep. Further, Jackson admitted to police that he went to the victim's apartment to have a conversation with her, implying that he believed she was likely to be present in her apartment. The victim also testified that she worked and attended school during the day; there was no reason for Jackson to believe she would not be home in the middle of the night when the trespass occurred. Moreover, less than two hours before the call that resulted in Jackson's arrest, the police responded to a dispute between the victim and Jackson, so at the very least, Jackson knew that the victim had been home very recently. Accordingly, there was sufficient evidence for the jury to reasonably conclude that, at the time of the trespass, the victim was home or likely to be home.

{¶ 15} Additionally, Jackson argues that there was insufficient evidence that he entered the victim's apartment by force, stealth, or deception.

{¶ 16} "Force" is defined as "any violence, compulsion, effort, or constraint exerted by any means upon or against a person or thing to gain entrance." *See* R.C. 2901.01(A)(1). Notably, we have held that the element of "force" is met when the defendant exerts any physical effort. *State v. Johnson*, 2017-Ohio-5498, ¶ 21 (2d Dist.). Additionally, "stealth" means "any secret or sly act to avoid discovery and to gain entrance into or to remain within a structure of another without permission." Finally, "deception" means "knowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in

6

another, including a false impression as to law, value, state of mind, or other objective or subjective fact."

{¶ 17} During the trial, Jackson testified that he approached the door to the victim's apartment because he wanted to have a conversation with her. According to Jackson, the door to her apartment was already slightly ajar and opened more when Jackson knocked. At that point, Jackson admitted that he "walked around the home to see if anybody was in the home." Jackson's own testimony demonstrates that he exerted physical effort to knock on the door to the victim's apartment, causing the door to open enough for him to enter her residence without permission. Accordingly, there was sufficient evidence for the jury to find that Jackson used force to enter the victim's apartment. Additionally, because there was sufficient evidence of force, it was not necessary for the jury to also find that Jackson hhad entered the apartment using stealth or deception.

{¶ 18} Similarly, Jackson's conviction is not against the manifest weight of the evidence. Although Jackson may have interpreted the evidence and testimony differently, the evidence presented does not weigh heavily against his conviction. Further, the record does not demonstrate that the jury lost its way when it weighed the evidence in favor of the victim and the police officers, rather than Jackson. Accordingly, Jackson's assignment of error is overruled.

### III. Conclusion

{¶ 19} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J., and HUFFMAN, J., concur.